# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## CENTRAL  DIVISION

GREG BENNEY and GARY ABRAM, et al   )
  )
      Plaintiffs,   )
  )
vs.   )      No. 09-4077-CV-W-FJG
  )
QUIKTRIP CORPORATION,   )
  )
      Defendant.   )

## ORDER

Pending before the Court is Plaintiffs' Motion to Allow Dismissal Without Prejudice, or, Alternatively to Allow Dismissal of Individual Claims With Prejudice (Doc. No. 50).

## I.     BACKGROUND

On March 19, 2009, Plaintiff Greg Benney filed this action in the Circuit Court of Boone County, Missouri, seeking damages and injunctive relief under the Missouri Merchandising Practices Act ("MMPA") on behalf of all customers of QuikTrip Corporation ("QuikTrip") in the state of Missouri.  The Complaint alleged violations of the Missouri Merchandising Practices Act, R.S. Mo. § 407.020 (2007), based on QuikTrip's representation of its regular gasoline as being labeled with a lower-than-actual octane rating to induce purchase of higher priced gasoline.

On April 24, 2009, QuikTrip removed the case to federal court pursuant to the Class Action Fairness Act ("CAFA") and diversity jurisdiction (Doc. No. 1).  On June 14, 2009, Plaintiff filed its Second Amended Complaint, adding a second Missouri plaintiff, Gary Abram, eliminating all damage claims, and seeking only injunctive relief and

attorneys' fees pursuant to R.S. Mo. § 407.025.

Plaintiffs' Motion to Certify Class (Doc. No. 44) and Defendant's Motion for Summary Judgment (Doc. No. 46) are currently stayed, pending the outcome of this motion.

## II. DISCUSSION

Plaintiffs seek voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2), on the basis that this Court has been divested of jurisdiction under the CAFA. In their Amended Complaint, Plaintiffs abandoned the damages claims previously asserted, thus causing the amount in controversy to fall below $5,000,000. Plaintiffs' relief sought is now limited to a request for injunctive relief against QuikTrip, as well as attorneys' fees as permitted under R.S. Mo. 407. Alternatively, Plaintiffs request the option to dismiss the claims individually with prejudice.

Defendant argues it would be prejudiced by a voluntary dismissal at this stage of the litigation because it has expended considerable resources in defending against Plaintiffs' action, and Plaintiffs' delayed their Motion for Voluntary Dismissal until after Defendant had filed its second Motion for Summary Judgment. Defendant therefore urges the Court to condition any dismissal to be with prejudice.

A. Jurisdiction

Under the CAFA,, a federal court has subject matter jurisdiction where the amount in controversy exceeds $5,000,000 and a class member and the defendant are citizens of different states. 28 U.S.C. § 1332(d)(2)(A). Where removal is proper, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's

jurisdiction once it has attached." St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); see also Scottsdale Ins. Co. v. Univ. Crop Prot. Alliance, LLC, 620 F.3d 926, 931 (8th Cir. 2010) ("Subsequent events reducing the amount in controversy do not destroy diversity jurisdiction.").

In passing the CAFA, Congress did not intend that events occurring after removal could divest a federal court of jurisdiction:

> Current law (that [CAFA] does not alter), is also clear that, once a complaint is properly removed to federal court, the federal court's jurisdiction cannot be ousted by later events. Thus, for example, changes in the amount in controversy after the complaint has been removed would not subject a lawsuit to be remanded to state court. . . .

S. Rep.109, 109th Cong., 1st Sess. 2005, reprinted in 2005 U.S.C.C.A.N. 3, *70-71.

At the time of removal, Plaintiff Benney and Defendant were citizens of different states and Plaintiff sought damages in excess of $5,000,000 (Doc. No. 1). Therefore, this Court's jurisdiction pursuant to 28 U.S.C. 1332(d)(2)(A) upon removal was proper. Plaintiffs' subsequent reduction in the amount in controversy below $5,000,000 does not divest this Court of proper subject matter jurisdiction.

B.    Dismissal Under Fed. R. Civ. P. 41(a)(2)

Under Federal Rule of Civil Procedure 41(a)(2), a district court may voluntarily dismiss an action without prejudice "on terms that the court considers proper." A court will generally grant a Rule 41(a)(2) motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result. See Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1262 (8th Cir. 1993) ("While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by

itself dispositive.")  As to whether the dismissal is with or without prejudice, the Eighth

Circuit has observed that:

> Under Rule 41(a)(2), dismissals sought by the plaintiff are without prejudice
> unless the district court's order specifies otherwise. Thus, Rule 41(a)(2)
> implicitly permits the district court to dismiss an action with prejudice in
> response to a plaintiff's motion for dismissal without prejudice. When a
> plaintiff requests dismissal without prejudice and the district court intends to
> dismiss with prejudice, however, the district court must give the plaintiff
> notice of its intention and a chance to withdraw the request and proceed with
> litigation.

Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995) (internal citations omitted).

Legal prejudice is a function of practical factors including: "the opposing party's

effort and expense in preparing for trial; excessive delay and lack of diligence on the

part of the movant; insufficient explanation of the need for a dismissal; and the present

stage of litigation." Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005); see also

Paulucci v. Duluth, 826 F.2d 780, 783 (8th Cir. 1987).

Defendant removed this case on February 24, 2009.  Since then, Plaintiffs have

amended their complaint and moved for class certification, and Defendant has twice

moved for summary judgment.  Thus, both parties have expended considerable

resources in prosecuting and defending this action.  As discussed, the Court retains

jurisdiction under the CAFA because subject matter jurisdiction was proper at the time

of filing and no subsequent reduction in the amount in controversy divests this Court of

jurisdiction.  See St. Paul Mercury , 303 U.S. at 293.  Plaintiffs have offered no other

reason to support voluntary dismissal of their case.  "A party may not dismiss simply to

avoid an adverse decision or seek a more favorable forum." Cahalan v. Rohan, 423

F.3d 815, 818 (8th Cir. 2005).  The Court finds squandering of judicial resources and

legal prejudice to Defendant would result if the action were dismissed without prejudice. Therefore, the Court intends to dismiss Plaintiffs' action with prejudice.  Accordingly, Plaintiffs may withdraw their request for voluntary dismissal and proceed with their cause of action.  See Jaramillo, 59 F.3d at 1262.

## III.    CONCLUSION

Based on the foregoing, the Court hereby notifies Plaintiffs of its intent to dismiss Plaintiffs' case with prejudice.  Plaintiffs shall withdraw their Motion to Dismiss (Doc. No. 50) on or by **JANUARY 6, 2011**, if they wish to proceed with the litigation.

**IT IS SO ORDERED.**

Date:   12/29/10                                    **/s/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                           Fernando J. Gaitan, Jr.
                                                                Chief United States District Judge